**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30177 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00009-CCL |
| v. | |
| RANDALL SICARD REIS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Argued and Submitted February 4, 2010

Seattle, Washington

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and LASNIK, [**]
Chief District Judge.

Defendant-Appellant Randall Reis ("Reis"), the Chairman of the Board and

Chief Executive Officer of MR3 Systems, Inc. ("MR3"), appeals his conviction

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Robert S. Lasnik, Chief Judge for the Western District
of Washington, sitting by designation.

under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6928(d)(2)(A). Reis contends that the government could charge and obtain a conviction against either MR3 or Reis, but not both. We reject Reis's contention and affirm.

Both Reis and MR3 qualify as "person[s]" under RCRA, 42 U.S.C. § 6903(15). The government did not rely on the responsible corporate officer doctrine or any other theory of derivative liability to establish Reis's guilt. The government proved each element of the crime with respect to Reis individually. The government presented evidence to the jury that Reis had knowledge of the illegal storage of hazardous waste and directly participated in the conduct that violated RCRA. Reis participated in day-to-day management of the facility, he had been warned that the material was hazardous waste for which the corporation needed a permit, and he had the power and control to prevent or remedy the violation. There is no evidence that the jury found Reis guilty merely because he held a position of authority in the company.

The fact that Reis at all times acted in his corporate capacity and on behalf of the corporation does not mean he could not be held personally liable. Principles of agency law confirm that an agent can be held personally liable even if he acted for the benefit of the corporation, so long as personal liability is founded upon

specific acts by the individual director or officer. *See* Restatement (Third) of Agency § 7.01 (2006). Reis was an actual participant in the acts giving rise to liability. He "cannot hide behind the corporation." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999); *see also United States v. Pollution Abatement Services of Oswego, Inc.*, 763 F.2d 133, 135 (2d Cir. 1985) (finding "no reason to shield from civil liability those corporate officers who are personally involved in or directly responsible for statutorily proscribed activity").

Reis also contends that the district court erred in rejecting his requested supplemental jury instruction that would have informed the jury of the corporation's intent to plead guilty. A defendant is entitled to an instruction on his theory of defense only if "it is supported by law and has some foundation in evidence." *United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990). "[I]t is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory." *Id.* Reis's theory of defense, that he acted at all times in his corporate capacity so he could not be held individually liable, rests on an erroneous interpretation of law. The district court did not err in rejecting Reis's requested jury instruction.

**AFFIRMED**.